## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **JOSEPH H. DUFFIN, II** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CASE NO. 1:20-cv-00387-PB** |
| **versus** | ) | |
| | ) | |
| **DXC TECHNOLOGY SERVICES, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | **ANSWER** |
| | ) | |
| | ) | |

## ANSWER

NOW COMES Defendant, DXC Technology Services, LLC, ("Defendant" or "DXC"), who answers Plaintiff's Complaint as follows:

## GENERAL DENIAL

Defendant denies each and every material allegation and claim contained in Plaintiff's Complaint, and the whole thereof, and denies that Plaintiff has been damaged in any sum or amount whatsoever.

Defendant asserts all applicable and available affirmative, legal, equitable, and other defenses, including, but not limited to, the following:

## ANSWERS TO THE ALLEGATIONS IN THE COMPLAINT

### I.      The Parties

1.

The allegation contained in Paragraph 1 of Plaintiff's Complaint requires no response on the part of Defendant. However, to the extent that a response is required, Defendant is without sufficient information to deny or admit the allegations in this paragraph.

2.

The allegations in Paragraph 2 of the Complaint are admitted.

## II.     **Jurisdiction & Venue**

3.

The allegations in Paragraph 3 of the Complaint are denied as this case has been properly removed to the United States District Court for the District of New Hampshire.

4.

The allegations in Paragraph 4 of the Complaint are denied as this case has been properly removed to the United States District Court for the District of New Hampshire

## III.    **Facts**

5.

The allegations in Paragraph 5 of the Complaint are denied to the extent that they allege DXC Technology Services, LLC was Plaintiff's employing entity. Rather, it was Computer Sciences Corporation. Computer Sciences Corporation and DXC Technology Services, LLC are both wholly owned subsidiaries of DXC Technology Company.

6.

The allegations in Paragraph 6 of the Complaint are admitted only insofar as eligibility for incentive compensation is covered in the SICP. The allegations are otherwise denied.

7.

Due to the vagueness and ambiguity of the allegation contained in Paragraph 7 of Plaintiff's Complaint, it is denied as written.

8.

The allegations in Paragraph 8 of the Complaint are denied.

9.

The allegations in Paragraph 9 of the Complaint are denied.

10.

The allegations in Paragraph 10 of the Complaint are denied.

11.

The allegation contained in Paragraph 11 of Plaintiff's Complaint requires no response on the part of Defendant. However, to the extent that a response is required, it is denied that Plaintiff is entitled to any of the damages/remedies listed in Paragraph 11.

12.

The allegation contained in Paragraph 12 of Plaintiff's Complaint requires no response on the part of Defendant.

13.

The allegations in Paragraph 13 of the Complaint are denied.

14.

The allegations in Paragraph 14 of the Complaint are denied.

15.

The allegation contained in Paragraph 15 of Plaintiff's Complaint requires no response on the part of Defendant. However, to the extent that a response is required, it is denied that Plaintiff is entitled to any unpaid bonus under the Sales Incentive Compensation Plan.

16.

The allegation contained in Paragraph 16 of Plaintiff's Complaint requires no response on the part of Defendant. However, to the extent that a response is required, it is denied that Plaintiff is entitled to any of the damages/wages/fees listed in Paragraph 16 of the Complaint.

17.

A response to the demand in the last sentence of the Complaint is not required. To the extent a response is required, the demand is denied.

## **AFFIRMATIVE OR OTHER DEFENSES**

### First Defense

Plaintiff's claims fail to state facts sufficient to constitute any cause of action as to DXC; as to one or more claims, Plaintiff has failed to state a claim upon which relief can be granted.

### Second  Defense

Defendant denies that Plaintiff has sustained any damages as a result of Defendant's alleged conduct.

### Third  Defense

Defendant asserts that Plaintiff was compensated for all sums that he was entitled to while employed by Computer Sciences Corporation, a subsidiary of DXC Technology Company, of which Defendant is also a subsidiary.

4

<u>Fourth  Defense</u>

Plaintiff is not entitled to costs, interest, attorney's fees, liquidated damages or any other form of relief.

<u>Fifth  Defense</u>

Plaintiff has failed and/or neglected to use reasonable care to minimize and mitigate his alleged injuries and damages, if any, and to that extent his damages are limited or should be reduced, Defendant is entitled to set off.

<u>Sixth  Defense</u>

Plaintiff's claims are barred, in whole or in part, to the extent they were asserted outside of the applicable statutes of limitations.

<u>Seventh  Defense</u>

Defendant alleges that the acts or omissions, if any, of Defendant were not the cause in fact of any harm or loss actually suffered by Plaintiff.

<u>Eighth  Defense</u>

To the extent Plaintiff must have first exhausted administrative remedies, the failure to do so requires dismissal of the cause of action, including on the basis of statute of limitations.

<u>Ninth  Defense</u>

Defendant denies that Plaintiff was owed any bonuses, commissions, and/or incentive payments at the time of his termination as any alleged bonuses, commissions, and/or incentive payments were not due and payable at the time of his termination, and/or they were not determinable.

<u>Tenth  Defense</u>

Defendant denies that Plaintiff entered into a contact (express or implied) for the payment of bonuses or commissions. Alternatively, Plaintiff failed to comply with the terms of any contracts entered into with his employer.

<u>Eleventh  Defense</u>

Defendant denies that any actions taken with respect to Plaintiff were done intentionally, willfully, or in bad faith.

<u>Twelfth  Defense</u>

At all times during his employment, Plaintiff was an at-will employee, whose employment with Plaintiff ended upon his termination.

<u>Thirteenth  Defense</u>

Defendant denies any causes of actions asserted by Plaintiff to the extent that they are inconsistent with one another or plead in the alternative.

<u>Fourteenth  Defense</u>

Some or all of Plaintiff's claims are barred by or diminished by the doctrine of waiver, justification, ratification, res judicata, equitable estoppel, collateral estoppel, judicial estoppel, after-acquired evidence, laches, misrepresentation, comparative fault, contributory fault, unjust enrichment, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, and/or acquiescence.

<u>Fifteenth  Defense</u>

Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during discovery or other proceedings in this case and that because the Complaint contains vague and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the claims asserted. Accordingly, Defendant hereby reserves the right to amend its Answer and/or assert additional defenses.

Respectfully submitted,

**DXC TECHNOLOGY SERVICES, LLC**

Dated: April 17, 2020

By its attorneys,

/s/     *Christopher Cole*
Christopher Cole (NH Bar No. 8725)
SHEEHAN PHINNEY
1000 Elm Street, 17th Floor
Manchester, NH 03101
Phone: 603.668.0300
CCOLE@sheehan.com

/s/       *Megan Carrier*
Megan Carrier (NH Bar No. 20352)
SHEEHAN PHINNEY
1000 Elm Street, 17th Floor
Manchester, NH 03101
Phone: 603.627.8103
mcarrier@sheehan.com

/s/     *Stephen L. Scott*
Stephen L. Scott  (Alabama Bar No. 7280-062S) (*pro hac vice*)
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, AL 35209
Phone: 205-871-5858
sls@kullmanlaw.com

/s/    *Stephen H. Clement*
Stephen H. Clement  (Louisiana Bar No. 34850) (*pro hac vice*)
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Phone: 504-596-4159
shc@kullmanlaw.com

**ATTORNEYS FOR THE DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2020, the foregoing was filed with the Clerk

of Court through the Court's ECF system. A copy of the foregoing has also been sent to:

Jason R.L. Major
116 Lowell Street
Manchester, NH 03104
603-668-7272
JMajor@backusmeyer.com

/s/    *Christopher Cole*
Christopher Cole